UNITED STATES

v.

**Darrell Vaughn HERALD, 404 84 9280, Seaman Apprentice (E–2), U.S. Navy.**

NMCM 84 0471.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Sept. 1983.

Decided 12 April 1984.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT Michael P. Cogswell, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, Judges.

PER CURIAM:

Appellant assigns the following errors:

I. THE MILITARY JUDGE ERRED BY FINDING APPELLANT'S PLEA OF GUILTY TO BE PROVI- DENT WITHOUT MAKING IN- QUIRIES REGARDING THE MEN- TAL CONDITION OF THE APPEL- LANT AT THE TIME OF THE COMMISSION OF THE SECOND ABSENCE OFFENSE, BECAUSE THE APPELLANT INFORMED THE COURT THAT HE WAS HOS- PITALIZED FOR FOURTEEN DAYS OF PSYCHIATRIC TREAT- MENT DUE TO HIS SUICIDAL AND HOMICIDAL TENDENCIES.

II. THE MILITARY JUDGE ERRED BY HIS FAILURE TO ORDER AN INQUIRY INTO THE MENTAL CONDITION OF THE APPEL- LANT, WHEN HE WAS PRESENT- ED WITH EVIDENCE OR [SIC] THE APPELLANT'S HOSPITAL- IZATION FOR PSYCHIATRIC TREATMENT.

Because of the disposition we take regarding the first assigned error, we need not reach the second.

Appellant surrendered himself to the Naval Reserve Center in Cincinnati, Ohio, on 11 July 1983, thus terminating an absence which commenced on 31 March of that year. On 13 July, he was issued technical arrest orders and a travel request for his return to his command. Upon return to his home, he tried unsuccessfully to obtain transportation to the local airport from his family and friends. Appellant commenced to try to hitchhike to the airport. With his flight scheduled to depart in about 45 minutes, and after an hour and fifteen minutes of walking without obtaining a ride, appellant became "upset," "depressed," "discouraged," "furious," and "confused." In his possession were two knives. He left the highway and "was walking around [thinking of] possible suicide, possible homicide in the state of frustration..." Fearing for what he might do to himself or others, he walked to Saint Luke's Hospital in Fort Thomas, Kentucky, and asked for help. He was placed in the intensive care unit of that hospital for safety reasons overnight. Either the night of entry, or

 

the next day, or possibly both, he talked with a psychiatrist. On 14 July, he was admitted to the psychiatric ward of Saint Elizabeth North Hospital, Covington, Kentucky, where he remained for 14 days. While appellant retained the option to leave that hospital at any time, he would, by doing so, forfeit future treatment from the hospital or his doctor. The above facts constitute the substance of the information presented to the military judge during the providence inquiry.

During the sentencing phase of the trial, appellant discussed certain events which occurred during his childhood and after his enlistment. While these factors, standing alone, did not send such conflicting signals to the military judge as to warrant further inquiry, they, when considered in light of the aforementioned statements elicited during the providence inquiry, should have alerted the judge that additional inquiries to conform all these statements with the plea were necessary. *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). At the very least, trial defense counsel should have been questioned whether the issue of sanity had been explored as a possible defense during his trial preparation. Neither was done by the military judge.

In *United States v. Timmins, supra*, it was held that a plea of guilty must be set aside if the accused's testimony "reasonably raised the question of a defense." We recognize that such rejection requires more than the mere possibility of a conflict between the guilty plea and the statements of the accused. *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973). Careful evaluation of the record of trial in this case convinces us, however, that there are reasonable grounds to find an unresolved inconsistency between the pleas of guilty and appellant's statements concerning his absence from 14 July 1983 to 1 August 1983 and his mental state at that time.

Accordingly, the finding of guilty as to specification 2 under the Charge is set aside and this specification is dismissed. The findings of guilty as to the Charge and

specification 1 thereunder are affirmed. Upon reassessment, the sentence as approved and partially suspended on review below is still deemed appropriate and is also affirmed.